Dear Mr. Barry:
This letter is in response to your following inquiries:
 (1) In Title XXI, Chapter 314, Section 314, Section 314.010(2) the word `unrelated' is used. What is the significance of this term in relation to the definition of the term `handicap'?
 (2) With regard to §§ 314.010 to 314.080 inclusive of Chapter 314, are public accommodations required to alter their premises in such a way as to allow handicapped persons to use the premises without being in violation of municipal health and safety codes?
Section 314.010, RSMo, provides:
 1. All persons within the jurisdiction of the state of Missouri are free and equal and shall be entitled to the full and equal use and enjoyment within this state of any place of public accommodation, as hereinafter defined, without discrimination or segregation on the grounds of race, creed, color, religion, national origin, sex, ancestry, or handicap.
 2. `Handicap' means a physical or mental impairment resulting in a disability unrelated to a person's ability to utilize the existing public accommodation.
In our view the statute is clear. It means simply that a person who is handicapped in the usual sense of the term cannot be discriminated against because of his handicap. However, since the statutory definition of "handicap" excludesas a handicap a disability which is related to the person'sability to utilize the existing public accommodation, the statute does not mean that the place of public accommodation, as defined in § 314.020, RSMo, must be modified to accommodate the handicap.
It is clear also that the legislature has provided construction standards to accommodate certain handicapped persons in §§ 8.610, RSMo, et seq., for public buildings, with some exceptions not relevant here, and facilities for public use and assembly, which are constructed in whole or in part by the use of state funds, or the funds of any political subdivision of this state.
It follows in our view that if the legislature intended to provide standards similar to those contained in § 8.610, et seq., for places coming within the definition of § 314.020, it could have done so quite easily. Having not done so, and in light of the clear language of § 314.010, we must conclude that the discrimination prohibited under § 314.010, et seq., relates only to discrimination because of a handicap which is not related to the person's ability to utilize the existing public accommodation and therefore does not require that the premises be altered to meet the needs of handicapped persons.
Very truly yours,
 JOHN ASHCROFT Attorney General